Ella R. Thompson
4933 Cougar Peak Court
Antioch, California 94531
510.355.5149
Plaintiff in Pro Per

FILED
NOV 14 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Ella R. Thompson,
        Plaintiff,
vs.

City of Oakland, Sergeant Charles Flemings, Oakland Police Department., A& B Auto Co. and DOES 1 through 10
        Defendant,

) Case No.: C13-5287
) 
) Complaint for Civil Rights Action
)
)
)
)
)
)

COMES NOW Plaintiff Ella R. Thompson and for cause of actions against defendant alleges as follows:

## GENERAL ALLEGATIONS

1. The true names and capacities of the defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise are unknown to plaintiff at the time of filing this complaint and plaintiff, therefore, sue said defendants by such fictitious names and will ask leave to amend this complaint, to show their true names or capacities when the same have been ascertained. Plaintiff are informed and believe, and therefore allege, that each of the DOES

Complaint for Civil Rights Action - 1

defendants is, in some manner, responsible for the events and happening herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

**JURISDICTION AND VENUE**

2. This court has jurisdiction pursuant to Title 42 USC section 1983, deprivation of rights under Color of Law.

**INTRODUCTION**

This case is about Sgt Charles Flemings, Oakland Police Department (OPD) who claimed to have put "**hold**" on vehicle owned by Ella Thompson son Darryl Starks. Plaintiff son was murdered on Dec 16, 2010 in the City of Oakland. The auto was released to A&B Towing Co. 45 days later during a murder investigation. Sgt Flemings fraudulently concealed this information from plaintiff that there was no "**hold**" placed on son's car which was released to A&B Auto Company and sold at public auction.

Defendant **A&B Auto Company** conspired with **OPD** jointly under "color of state Law" to take jurisdiction over Darryl Starks vehicle so it could be sold at Public Auction to unjustly enrich the Company. Plaintiff was informed a "**hold**" was placed on vehicle. Sgt Flemings conspired with A&B Auto Company to have the car impounded and sold at Public Auction to unjustly enrich the Company.

1. Defendant- **City of Oakland** is government entity who issues policy to its Department such as Oakland Police Department This Department hires employees, protect residents or us citizens from unlawful criminal activities and provide safety to people in Oakland. A contract was signed between OPD and A&B Auto Company to tow vehicles under their jurisdiction.

2. Defendant – **Sgt Flemings**, was hired by Oakland Police Department and works in the Homicide Unit. This defendant came to Highland Hospital on Dec 16, 2010, the night plaintiff's son (**Darryl Starks**) was murdered. Ella Thompson was told by Sgt Fleming the murder was under investigation and he was Officer assigned to the case. Officer Fleming informed Ms. Thompson he placed "**hold**" on vehicle pending investigation of the murder and not to worry about retrieving son car.

Complaint for Civil Rights Action - 2

3. **Defendant – A&B Auto** - was contracted by Oakland Police Department to tow cars at request of the Department. This defendant conspired with OPD who requested A&B to pick up son's son action during a murder investigation and sold it at public auction to unjustly enrich the Company. No notice was sent to heir Ella Thompson mother and administrator over Estate of **Darryl Starks** property. A Notice was sent to plaintiff's son by A&B Auto which they assumed he was alive by requesting him to pay storage fees. Ms Thompson opened up and read the letter.

Plaintiff was under mistaken believeth that Sgt Flemings put "hold" on son's vehicle and would inform her when it was released. Plaintiff didn't find out that there was **never** a "hole" placed on vehicle until after she and Angela Woodhall, Oakland Tribune Writer went down to A&B Auto. Staff of A&B Auto told them there was never a hold placed on the vehicle. This fact is **proof** that OPD and A&B Auto jointly conspired while acting under "color of state law" to tow son's car too be sold at public auction to unjustly enrich the Company. How could plaintiff's son Darryl Starks pay A&B Auto storage fees when he was murdered in the car. At no time did Sgt Flemings or anyone in Homicide notify plaintiff to pick up vehicle and son's property.

4. **Defendant – JOHN DOES**: There may be other defendants involved in misconduct of And depriving plaintiff procedural due process in being prevented from picking up son's vehicle and other property under jurisdiction of Sgt Flemings. When other names are revealed plaintiff will ask Court to amend complaint.

### Facts of case

Plaintiff alleges below facts that support claims against defendants:

5. On Dec 16, 2010, plaintiff's son **DARRYL STARKS** 26 years old was driving with relative at 10:30 pm on a Thursday from a store in East Oakland. He made a U-turn to head toward his destination in his black Infiniti when someone opened fire on him and a passenger in the 7800 Block of Bancroft Avenue according to family and police. A passenger his cousin, was shot in the leg and hip. Starks was shot in the head and shoulder.

-3-

6. On Dec 16, 2010, same day plaintiff's son **DARRYL STARKS** was murdered Sgt Flemings came to Highland Hospital and stated he was the investigating Officer on the case. Shortly after leaving Highland Hospital, Ms. Thompson contacted Sergeant Flemings Inquiring about son's phone, property, and vehicle. Plaintiff stayed at hospital for 4 days and Sgt Flemings stated "car could not be released it was inaccessible" due to investigation of murder.

7. In January, 2011, Ms. Thompson constantly called Sgt. Flemings about son's car. This defendant repeatedly stated he placed a "**hold**" on vehicle pending investigation of murder. Ms. Thompson was told he would call her back but never heard from him about son's vehicle.

8. On Feb 16, 2011, a memorial was held Mr. Starks at Laney College from 12:00 – 2:00pm Ms. Thompson spoke with Sgt. Flemings after the service inquiring about son's property and car. This defendant was constantly telling me that a "**hold**" was placed on vehicle pending investigation of the murder. This is last time Ms. Thompson spoke with Sgt. Flemings and was told "the car was not accessible due to ongoing investigation of murder and "hold" was placed on car.

9. In Feb, 2011, again Ms. Thompson called Sgt Flemings by phone and inquired about when she could obtain Darryl's car. According to Flemings the car was under investigation and Oakland Police Department placed a "hold" on the car pending investigation. Officer Flemings stated he would call Ms. Thompson when the car was available for viewing. However, a month passed and Ms. Thompson had not heard from Officer Flemings. As a result, Ms. Thompson increased calling Mr. Flemings daily to make contact regarding son's phone, property, without response from Sgt Flemings.

10. In April or May, 2011, Officer Flemings informed me the car remained impounded at A&B Auto. This defendant not once told me OPD released the Hold from vehicle. It had been over 45 days, so Ms. Thompson went down to A&B Auto with Angela Woodall, Oakland Tribune Writer and spoke with

A& B Auto staff about son's vehicle. Ms. Thompson found out by staff that it was "**sold**" and there never was a

-4-

"**hold**" placed on son's car. Ms. Thompson was outraged after staff of A&B Auto told her vehicle ]was sold. She immediately called Officer Flemings and he continued to ignore her daily phone calls.

11. In April, 2011, due to grief or need for support to obtain son's property, Ms. Thompson solicited services from Catholic Charities of East Bay for Mental Health and Advocacy Support Services.

12. In Mid July, 2011, I began working with Quentisha Davis, Therapist & Clinical Case Manager in Crisis Response Division for counseling. Ms. Davis assisted me in filing complaints with Oakland Police Internal Affairs Division, Citizens Review Board, Oakland City Attorney's Office, and scheduling a meeting with Sergeant Flemings.

13. On August 11, 2011, Ms Ella Thompson, filed a complaint against the City of Oakland Alleging Sgt Flemings misconduct in concealing from plaintiff that son's vehicle had no hold and Pick up by A&B Auto 45 days later during murder investigation. (**Exhibit B**)

14. On August, 27, 2011, Ms. Thompson filed Citizens Complaint with Oakland City Attorney's Office to obtain reimbursement for her son's vehicle being sent to A&B Auto by the Oakland Police

Department during a murder investigation. (**Exhibit C**)

15. On September 9, 2011, Danelia Chavarria, Oakland Police Department's Internal Affairs Divison was made aware of Ella Thompson concern regarding the service and alleged misconduct of Oakland Police Department regarding son's vehicle and property. The case was assigned number 11-0915. (**Exhibit D**)

16. On Nov. 1, 2011, Ella Thompson picked up son's phone from the Oakland Police Department Property Release Division. **(Exhibit E)**

17. On Nov. 1, 2011, Ms. Thompson and Ms. Davis met with Lieutenant Medeiros in his office which

-5-

Ms. Thompson requested son's cell phone which Medeiros stated it could not be found in the property room. He called Sergeant Flemings who said it was placed in work desk. This was against police procedures placing property from a murder in a Officer's desk. In addition, Ms Thompson had obtained a copy of the Highland Hospital property slip that shows her son had, I Pod, $110 in wallet, and phone. Where did Sgt Flemings place this other property?

18. On Nov 29, 2011, Barbara J. Parker, City Attorney for the City of Oakland wrote Ella Thompson letter stating "claim" filed against Oakland Police Department for placing "hold" on son's car and then allowing it to be sold at auction was being assigned to Denise Heard, Claims Investigator and to provide vehicle, photos and registration information. **(Exhibit F)**

19. On Jan 4, 2012, Denise Heard, Claims Investigator II, City of Oakland sent Ella Thompson a letter stating the claim was denied based upon the grounds it was not filed within 6 months after the event or occurrence as required by law. (Government Code sec. 901 and 911.2) This letter did not start with the date son's car was released to A& B Tow Company which should be the correct statute of limitation date. **(Exhibit G)**

20. On Feb 1, 2012, plaintiff filed a Smalls Claim Complaint against the City of Oakland and Sgt Flemings entitled: <u>Thompson</u> v <u>City of Oakland/Sgt Flemings</u>, RS 12615328, alleging Sgt Flemings told Ms Thompson that a "hold" was placed on son's car. No such hold was placed on car. A&B Auto sold car within 45 days while OPD was still investigating the murder. **(Exhibit H)**

21. On March 16, 2012 a representative from the Oakland Police Department came to Smalls Claim court and stated lien was placed on son's car and he wasn't owner of car. This testimony was completely false and attached in Exhibit I, is the documents that show proof that I bought my son's car for $5000 with all the DMV paperwork that shows he is Owner of the vehicle. **(Exhibit I)**

-6-

22. On Feb 24, 2012, the Internal Administrative Department of Oakland Police Department sent Ms Thompson letter stating their investigation disclosed sufficient evidence to determine alleged conduct by investigator did not occur. A finding Of "unfounded" has been determined. This letter did not mention Sgt Flemings name at all that shows IAD was bias and trying to conceal officer Flemings name from the internal investigation. **(Exhibit J)**

23. On March 8, 2012, Sgt Eric Lewis, Internal Affairs Division sent Ms. Thompson a copy of California Vehicle Code 22655.5. claiming this code is what allows the Oakland Police Department and others within California to impound vehicles as evidence. **(Exhibit K)**

24. On June 7, 2012, the City of Oakland's Citizens Police Review Board (CPRB) made a proposed recommendation by staff that there was no finding on the allegation that the sergeant had a duty to return son's vehicle and property to you. That the officers misconduct was service – related in nature and did not constitute a Manual of Rules violation. **(Exhibit L)**

25. On June 14, 2012, Patrick Caces, Policy Analyst / Manager of Oakland Citizens Review Board sent plaintiff a letter stating that the Board had decided to keep the case open instead of closing its file. **(Exhibit M)**

26. On July 20, 2012, the Small Claims Court sent a Notice of Judgment to Ms Thompson that stated the defendant does not owe plaintiff any money on plaintiff's claim. That enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is

decided. Plaintiff was not aware should could appeal the judgment and was going through grief, trauma, and emotional distress behind the murder of son. **(Exhibit N)**

**27.** On August 6, 2012, after exhausting all available remedies to be reimbursed by the City of Oakland and Sgt Flemings misconduct in concealing information from plaintiff Ella Thompson that her son's vehicle and property involved in a murder had been impounded and taken by A&B Auto Company a complaint was filed in Superior Court entitled: **Thompson v City of Oakland, Officer Charges Flemings**, Case No. RG 12644034.

-7-

This is a civil suit against City of Oakland's inadequate state procedures that does not allow administrator or executor of Estate of Darryl Starks due process procedures to obtain vehicle that was placed on hold by Sgt Flemings, OPD. Plaintiff alleges fraudulent concealment, negligence, abuse of authority in violation of 42 USC 1983 while Flemings acted under color of state law, joint conspiracy by OPD and A&B Auto to unjustly enrich A&B Auto, denial of due process and equal protection of law by being prevented from obtaining son's vehicle, punitive damages, emotional distress, trauma, and being deprived of son's property because of State's inadequate Due Process procedures which plaintiff is entitled to under estate laws in the State of California.

**28.** On March 26 and 27, 2013, plaintiff amended the complaint for second time to include other issues, facts, and members of the Oakland Police Review Board as misstating the facts. This Third Amended complaint hereby allege the following claims against the proper defendants..

**I**
**First Claim of Action against City of Oakland /**
**Oakland Police Department are liable for**
**Flemings misconduct and abuse of authority**

**29.** Plaintiff hereby incorporates all facts alleged in paragraph 1 – 28, to support First Cause of Action against City of Oakland and Oakland Police Department liability for Sgt Flemings misconduct and abuse of authority. Plaintiff was given false information that "hold" was placed

on son's vehicle when in "**fact**" no such hold was placed. Flemings abuse of authority, fraudulent concealment, and misconduct resulted into A&B Auto selling auto it at public auction.

30. These two government entities are liable to plaintiff for reimbursement of son's vehicle, property, emotional distress, mental abuse, and for Sgt Flemings loss of property due to negligence.

-8-

It is improper police procedure for Officer assigned to murder investigation of plaintiff's son and Then allow vehicle to be released to A& B Auto who sold vehicle at public auction.

31. Sgt Flemings abused his police authority while acting under "color of state law" by providing false information to plaintiff while at Highland Hospital grieving over son being shot in his vehicle and telling her **hold** was placed on vehicle and not to worry. When in "**fact**" no such hold was placed on vehicle according to staff of A&B Auto. Clearly abuse of authority government authority by Sgt Flemings who concealed this information from plaintiff and their family. These two entities City of Oakland and Oakland Police Department are liable to plaintiff for abuse of authority, misconduct, and negligence of employee in violation of federal law under 42 USC sec 1983.

**II**
**Second Cause of Action against Sgt Flemings, OPD abusing his authority under 42 USC sec. 1983, while acting under "Color of State Law"**

32. Plaintiff hereby incorporates all the facts in paragraph 1 – 28, to support the Second Cause of Action against Sgt Flemings, Oakland Police Department (OPD) who abused his authority under 42 USC sec 1983, while acting under "**color of state law**" He gave out false information that he placed "hold" on plaintiff's son vehicle when in fact no such hold was placed on vehicle. Plaintiff loss of son's vehicle and property as a result of false information by Sgt Flemings caused emotional distress, financial hardship, trauma, mental stress on plaintiff and family members Flemings concealed from plaintiff that son's vehicle was picked up by A&B Auto and

then sold at public Auction. This defendant then confiscated son's property out of vehicle and placed it in his office desk. Flemings clearly abused his authority while acting under "color of state law" in violation of 42 USC 1983.

### III
### Third Cause of Action against Sgt Flemings, OPD for Fraudulent Concealment of son's vehicle being sold by A& B Auto

-9-

33. Plaintiff hereby incorporates all the facts in paragraph 1 -28, to support Third Cause of Action against Sgt Flemings, OPD for fraudulent concealment of son's vehicle being sold by A& B Auto. That according to staff there was never any **hold** placed on vehicle. Flemings intentionally concealed this information from plaintiff by leading her to believe son's vehicle could be picked up once hold was released. The sale of son's vehicle was concealed from plaintiff who had no way of knowing it was sold by A& B Auto during investigation of son's murder. This misconduct by Flemings in concealing this information about son's vehicle being sold was contributed to the loss of son's vehicle being sold and constitutes fraudulent concealment.

### IV
### Fourth Cause of Action against OPD, A&B Auto , and Sgt Flemings who jointly conspired to conceal from plaintiff that son's vehicle would be sold by A&B Auto denying plaintiff due process

34. Plaintiff hereby incorporates all the facts in paragraph 1 – 28 to support the Fourth Cause of Action against Oakland Police Department, A&B Auto, and Sgt Flemings who jointly conspired to conceal information from plaintiff that son's vehicle would be sold at public auction by A&B Auto. This action denied plaintiff due process.

35. All these defendants knew that Oakland Police Department had a contract with A& B Auto to tow vehicles at their request. That A&B Auto would financially benefited from the sale of son's car at a public auction. The big tires on vehicle increased the value to $8,000. All these

defendants jointly conspired while acting under "color of state law" to sell this vehicle to unjustly enrich A& B Auto who had contract to impound vehicles at request of OPD.

36. That A&B Auto towed son's vehicle and it would be financially impossible for owner to pay towing and storage fees being he was murdered in the vehicle. The facts cited clearly

-10-

establish all three defendants conspired jointly to tow plaintiff's son vehicle while acting under color of state law. The vehicle was worth more then $5000 and A&B Auto would be financially benefiting from any sale of this vehicle. Sgt Flemings was a part of this misconduct and aware A&B Auto would pick up vehicle but concealed this information from plaintiff.

V
### Fifth Cause of Action against Sgt Flemmings, A&B Auto, OPD for deceit, fraud, and negligence

37. Plaintiff hereby incorporates all the facts in paragraph 1 -28 to support Fifth Cause of Action against Sgt Flemings, A&B Auto, and OPD for deceit, fraud, and negligence by allowing A&B Auto to sell son vehicle at auction while involved in investigation for murder. Why would a vehicle involved in murder be allowed to be sold at public auction. There is still evidence in the vehicle like bullets that might be discovered by Homicide. This evidence would be turned over to District Attorney who could obtain warrants to arrest any suspects who committed the murder.

38. This deceit and fraud by all three alleged defendants constitutes negligence because they had a duty of care under California probate and estate laws to protect son's vehicle. All three defendants are liable for indirectly participating in sale of son's vehicle.

39. That defendant Flemings made a statement that he placed a hold on a vehicle which he knew was **false**. That plaintiff relied upon this statement with the intention that Flemings would protect son's vehicle. That Flemings false statement to plaintiff was made to obtain financial

benefit to A&B Auto to pick up car to sale at public auction. That defendant A& B Auto unjustly benefited from the deceit and negligence of Sgt Flemings by selling plaintiff's son's vehicle knowing it had been involved in a murder. That all three defendants are liable for deceit, fraud, and negligence in not exercising proper care of son's vehicle.

-11-

40. That making false statements through deceit and fraud to obtain a financial benefit for another party amounts to negligence because these defendants had a duty of care to protect plaintiff's son vehicle. That vehicle owners cannot be deprived of property without due process of law. These defendants misconduct was intentionally done to injure plaintiff and is inexcusable.

## VI
### Plaintiff Sixth Cause of Action against A&B Auto
### For Unjust Enrichment, Negligence, Conspiracy, and violating
### Cal Vehicle Code 10650(a-c), 10652.5, (a-c)

41. Plaintiff hereby incorporates the facts in paragraph 1 – 28, to allege Sixth Cause of Action against A&B Auto for Unjust Enrichment, Negligence, Conspiracy and violation of Cal Vehicle Code 10650 (a-c) and 10652.5 (a-c) Defendant knew Darryl Starks was owner of vehicle who was murdered in car instead of notifying plaintiff but proceeded towards sale of car.

42. That Towing Company A&B Auto was aware vehicle was involved in crime and owner was no longer alive. Defendant refused to send Notice to plaintiff **heir** of Darryl Starks estate. That defendant concealed this information from plaintiff and proceeded to sell vehicle at auction to unjustly enrich the company at expense of heir Ella Thompson. That defendant has Unjustly Enriched the Company through a contract with Oakland Police Department for past 10 years charging excessive impound and storage fees to prevent owners from obtaining their vehicles.

43. That plaintiff hereby allege this defendant was negligent by selling son vehicle when it

knew for a "fact" it was involved in a crime. There was no liens against car pursuant to Civil Code 3068. That defendant should have pursued efforts to contact heir Ella Thompson through Sgt Flemings. Defendant A& B Auto disregarded rights of plaintiff under California probate and estate law by refusing to exercise proper care to protect son's vehicle.

-12-

44. That defendant A&B Auto had joint agreement with OPD and Sgt Flemings to unlawfully engage in selling son's vehicle without notifying plaintiff as required under California Vehicle Code 10650.5. That defendant Sgt Flemings was very much aware plaintiff was mother of son who was murdered in vehicle. That when car was towed, impounded, and stored by A&B Auto at request of Flemings, defendant should have sent notice to plaintiff acknowledging vehicle was now under its jurisdiction.

### VII
### Seventh Cause of Action against Oakland Police Department and Sgt Flemings
### Reliance on Cal Vehicle Code 22655.5, 22851 to tow vehicles involved
### in crime denies owners of seized vehicles due process

45. Plaintiff hereby incorporates the facts in paragraph 1 -28, to support the Seventh Cause of Action against Oakland Police Department's reliance on California Vehicle Code 22655.5 and 22851 to tow vehicles involved in crime denies owners of seized vehicles due process notice because Owners go through unreasonable length to recover property.

46. That plaintiff should have received a due process notice immediately when Sgt Flemings had son's vehicle towed and stored by A& B Auto. This notice to plaintiff would have been prevented son's vehicle from being sold at public auction. The due process procedures under Cal Veicle Code 22655.5 and 22851 was inadequate causing unreasonable length to obtain vehicle.

### VIII
### Plaintiff's Eight Cause of Action against all Defendants denying plaintiff
### Due process and Equal protection of law before selling son's vehicle

47. Plaintiff hereby incorporates all the facts in paragraph 1 – 28, to support the Eighth Cause of Action against all the defendants including John Doe defendants whose names have not yet been revealed for denying plaintiff Due process and Equal Protection of the law by selling son's vehicle without receiving proper notice and equal protection of son's vehicle by Sgt Flemings, OPD, and A&B Auto before the sale of his vehicle.

-13-

48. That had plaintiff been rich son's vehicle would never had been sold without being sent The proper due process notice by defendants. That the above named defendants including John Doe Denied plaintiff Ella Thompson the heir and mother of estate of Darryl Starks due process and equal Protection of the law by being deprived of a notice before the selling of son's vehicle.

THEREFORE, because of all the above facts and claims alleged against the defendants in this Second Amended complaint plaintiff hereby prays to this court for the following relief:

1. For Declaratory relief:

2. For emotional, financial, and compensatory damages in amount of $500,000;

3. For punitive damages in amount of 2 million;

4. For a jury trial in this matter;

5. For such other relief as this court deems proper.

Dated: 11-14-2013

*Ella R. Thompson*
Ella Thompson, Plaintiff In Pro. Per.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-14-
## VERIFICATION

That, I Ella Thompson hereby verify that I am the plaintiff named in this complaint being Filed against all the named defendants verify the following:

That I have read and fully understand the content of this complaint that is being filed in this court today as a Second Amended complaint to the original complaint;

That I am a resident of Contra Costa but filing this Second Amended Complaint here in Alameda County;

That I am over the age of 18, reside in the Contra Costa County for the past 3 or 4 years and have read the entire content of this second amended complaint;

That I declare under penalty of perjury under the laws of the State of California all the alleged information in this Second Amended Complaint is true to the best of my knowledge and will testify under oath in a court of law before a judge

dated: 11-14-2013          *Ella R. Thompson*